**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| INGRID M.,[1]<br><br>Plaintiff,<br><br>v.<br><br>FRANK J. BISIGNANO, Commissioner of Social Security,<br><br>Defendant. | Case No. 2:25-cv-09329-DFM<br><br>MEMORANDUM OPINION AND ORDER |

Plaintiff Ingrid M. appeals the administrative law judge's decision dismissing her request for a hearing concerning her claim for disability insurance benefits. For the reasons set forth below, the ALJ's dismissal is affirmed, and this action is dismissed without prejudice.

## I. BACKGROUND

In October 2020, Plaintiff filed her first application for disability insurance benefits, alleging disability beginning in April 2020 due to chronic migraines, anxiety, and depression. See Dkt. 11-1, Administrative Record

[1] The Court partially redacts Plaintiff's name in compliance with Federal Rule of Civil Procedure 5.2(c)(2)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

("AR") 64.[2] Her claim was denied at the initial level and on reconsideration. See AR 38-53. She did not request a hearing before an ALJ, and the reconsideration determination therefore became binding. See 20 C.F.R. § 404.921 (reconsideration determination is binding unless the claimant timely requests a hearing before an administrative law judge, the expedited appeals process is used, or the reconsideration determination is revised).

In March 2022, Plaintiff filed a second application for disability insurance benefits, again alleging disability beginning in April 2020 due to chronic migraines, anxiety, and depression. See AR 64, 522-23. Her claim was denied at the initial level and on reconsideration. See AR 380-89, 390-95. She requested a hearing before an administrative law judge ("ALJ"). See AR 411-13. On January 28, 2025, the ALJ dismissed Plaintiff's request for a hearing, concluding that the doctrine of res judicata applied because the second application concerned the same facts and issues as her previous application for benefits. See AR 19-21. The Appeals Council denied review of the ALJ's decision. See AR 1-2.

Plaintiff then sought judicial review in this Court. See Dkt. 1.

## II. LEGAL STANDARD

Under 42 U.S.C. § 405(g), a district court has jurisdiction to review a "final decision" of the Commissioner of Social Security. Although district courts generally lack jurisdiction to review the Commissioner's determination that a Social Security claim is barred by res judicata, a district court may determine whether the subsequent claim is the same claim previously adjudicated. See Krumpelman v. Heckler, 767 F.2d 586, 588 (9th Cir. 1985); Gibb v. Astrue, No. 09-533, 2010 WL 988467, at *1 (D. Or. Mar. 15, 2010),

[2] Citations to the AR are to the record pagination. All other docket citations are to the CM/ECF pagination.

aff'd, 420 F. App'x 767 (9th Cir. 2011).

## III. DISCUSSION

The parties dispute one issue: whether the ALJ properly found that the doctrine of res judicata precluded review of Plaintiff's second application for disability benefits. See Dkt. 11 at 3-16.

### A. Legal Standard

The doctrine of "res judicata applies to findings and decisions on the merits which become final as a result of a claimant's failure to seek administrative review after notice of an adverse decision." Taylor v. Heckler, 765 F.2d 872, 876 (9th Cir. 1985) (citing Stuckey v. Weinberger, 488 F.2d 904, 909-11 (9th Cir. 1973)). In the Social Security context, the absence of a hearing does not prevent application of res judicata where the claimant allowed the prior merits determination to become final by failing to pursue available administrative review. Thus, in Taylor, the Ninth Circuit held that res judicata barred review of the claimant's initial disability claim because she failed to timely seek reconsideration of the initial adverse determination, causing it to become final and binding, notwithstanding that she never received a hearing on the claim. See 765 F.2d at 876-77.

### B. Analysis

Plaintiff's second application for disability benefits is the same claim that was previously adjudicated and therefore is subject to res judicata. Like the claimant in Taylor, Plaintiff failed to pursue available administrative review of an adverse determination on her first application for benefits, thereby allowing that determination to become final and binding. See 20 C.F.R. § 404.921. In her second application for disability benefits, Plaintiff alleged the same disability onset date and impairments as in her first application, see AR 64, 522-23, and she presented no additional relevant evidence concerning those allegations beyond her own interpretation of the evidence submitted in

connection with her first application, see Dkt. 17 at 5-6. Thus, the second application concerned the same facts and issues as the first application. That Plaintiff did not receive an ALJ hearing on her first application does not preclude application of res judicata because, as Taylor makes clear, the absence of such a hearing resulted from Plaintiff's failure to pursue the next available level of administrative review. See 765 F.2d at 876-77. Accordingly, her second application is precluded as the same claim previously determined.

Plaintiff's claim that she "constructively" withdrew her initial application for disability benefits by declining to pursue administrative review of the reconsideration determination is meritless. See Dkt. 17 at 5. Plaintiff never sought to withdraw her initial application for benefits. To the contrary, after her application was denied at the initial level, she sought reconsideration of that denial. See AR 38-53. Aside from simply asserting that she constructively withdrew her initial application, Plaintiff cites no authority—and the Court is aware of none—supporting the proposition that a claimant's failure to pursue available administrative review following an adverse determination constitutes constructive withdrawal. Indeed, the governing regulation provides that a reconsideration determination becomes binding when, as here, the claimant does not timely request an ALJ hearing. See 20 C.F.R. § 404.921.

Plaintiff's subsequent receipt of disability retirement benefits from the Los Angeles County Employees Retirement Association (LACERA) likewise does not support her claim that she constructively withdrew her initial application for disability benefits. Although Plaintiff obtained LACERA benefits after the denial of her first application for Social Security disability benefits, LACERA and the Social Security Administration administer separate benefit programs and apply different standards for determining disability. Under the standard governing LACERA disability retirement, a claimant need

only be incapacitated from performing her usual county duties and is not disqualified merely because she is capable of performing another type of work. See Curtis v. Bd. of Ret., 177 Cal. App. 3d 293, 297 (Ct. App. 1986). By contrast, under the Social Security Act, a claimant is disabled only if her impairment prevents her from performing both her previous work and any other substantial gainful work existing in the national economy. See 42 U.S.C. § 423(d)(2)(A); 20 C.F.R. § 404.1505(a). Consequently, Plaintiff's subsequent receipt of LACERA benefits does not alter the final and binding nature of the Commissioner's determination on Plaintiff's first application for disability benefits.

Accordingly, Plaintiff's second application for disability benefits is precluded as the same claim previously adjudicated, and the Court lacks jurisdiction to review the Commissioner's application of res judicata.

## IV. CONCLUSION

This action is dismissed without prejudice for lack of subject-matter jurisdiction.

Date: September 24, 2026

DOUGLAS F. McCORMICK
United States Magistrate Judge